a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANIEL HAGOS #A027-284-103,          CIVIL DOCKET NO. 1:25-CV-01280
Petitioner                                             SEC P

VERSUS                             JUDGE TERRY A. DOUGHTY

U S IMMIGRATION & CUSTOMS       MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT ET AL,
Respondents

_____

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Daniel Hagos ("Hagos"). Hagos is an immigration detainee at the Louisiana ICE Processing Center in Angola, Louisiana. He challenges the legality of his continued detention.

Because there is no significant likelihood of Hagos's removal in the reasonably foreseeable future, the Petition (Docs. 1, 4) should be GRANTED.

I.     Background

Hagos alleges that he was born in Ethiopia to Eritrean parents, and is a citizen of Eritrea. ECF No. 4 at 1. He asserts that he entered the United States on June 28, 1984, with refugee status. *Id.* According to the Government, Hagos was accorded lawful permanent resident ("LPR") status, with a retroactive date of June 28, 1984. ECF No. 14-1 at 1-2.

1

On February 1, 2018, Hagos was served with a Notice to Appear, charging him as removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because he was convicted of "violating a law relating to a controlled substance," and under INA § 237(a)(2)(A)(iii), § 1227(a)(2)(A)(iii), "for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(G) (theft or burglary offense)." ECF No. 14-1 at 2.[1] On March 20, 2018, the Department of Homeland Security ("DHS") filed the Notice to Appear with the immigration court, thereby commencing removal proceedings. *Id.*

At a hearing on April 26, 2018, an immigration judge determined that Hagos was an Ethiopian national, removable for the 2015 and 2016 convictions. *Id.* at 5, 19-20. Ethiopia was designated as the country of removal, with Eritrea as an alternative country. *Id.* Hagos's appeal was dismissed on March 1, 2019. ECF No. 4 at 1. Hagos alleges that the Government's attempt to remove him was unsuccessful, so he was released on an order of supervision in August 2019, after almost five months of post-removal order detention.[2] *Id.*

More than five years after his release, Hagos was re-detained.[3] ECF No. 14-3 at 1. According to the Declaration, Enforcement and Removal Operations ("ERO")

---

[1] Hagos was convicted of possession of drug paraphernalia in 2015 and theft in 2016. ECF No. 14-1 at 9-10.

[2] In its Response, the Government acknowledges that Hagos was released in 2019 under an order of supervision, but this fact is absent from the sworn Declaration of Assistant Field Office Director Lisa Fruge-Prudhomme ("Fruge-Prudhomme"). ECF No. 14-3.

[3] Neither the Declaration nor the Response explain why the order of supervision was revoked, or whether the revocation complied with government regulations.

mailed a travel document request packet to the Ethiopian Embassy, but was advised that Hagos is Eritrean. *Id.* On May 21, 2025, a travel document request was submitted to Eritrean officials. ECF No. 14-3 at 1. Fruge-Prudhomme further attests that, on December 3, 2025, "Petitioner's travel packet was mailed to Oakdale, Louisiana." ECF No. 14-3 at 2.

In a reply memorandum, Hagos questioned Fruge-Prudhomme's assertion regarding the travel packet. ECF No. 15. The Court ordered the Government to supplement its Response to "provide a status update clearly indicating whether Eritrea has accepted Hagos; whether the travel packet contained travel documents for Hagos's removal to Eritrea, and when those documents expire; whether his flight has been scheduled; when it anticipates Hagos will be removed; and whether there are any impediments to removal." ECF No. 17. In response, the Government states: "Undersigned counsel has been advised that Enforcement and Removal Operations submitted another travel document request to Eritrea on February 26, 2026, which remains pending. Therefore, removal has not yet been scheduled." ECF No. 19 at 1. The Government provides no evidence to support this claim. Nor does it explain the nature of the documents that were reportedly sent to Oakdale, Louisiana, in December 2025.

## II.   Law and Analysis

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Hagos alleges that his removal is unlikely to occur in the reasonably foreseeable future because Eritrea "does not cooperate with the U.S. deportation efforts or repatriation policy." ECF No. 1-2 at 4. It is undisputed that Eritrea never answered the request for travel documents submitted on May 21, 2025, and no other third country has been identified or contacted. The lack of any progress toward removal while Hagos has remained detained also supports Hagos's assertion that removal is not reasonably foreseeable. *See Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) ("The lack of any progress demonstrated towards removal while Mr. Nguyen has remained detained is reason enough to believe that his removal is not reasonably foreseeable under even the most generous understanding of the standard.") (citing *Misirbekov v. Venegas*, 2025 WL 3033732, at *2 (S.D. Tex. Oct. 29, 2025)). Additionally, it is undisputed that Hagos was previously released because the Government concluded that his removal was not reasonably foreseeable. ECF No. 4 at 1.

The Government fails to refute Hagos's claims, even after being ordered to supplement its response. The only sworn declaration in the record indicates that the Government sent a rejected request to Ethiopia on March 6, 2025, and an unanswered request to Eritrea on May 21, 2025. ECF No. 14-3. And although the Government initially argued that Hagos's removal was "likely to happen in the reasonably foreseeable future" because his "travel packet for his removal to Eritrea was mailed to Oakdale, Louisiana on December 3, 2025" (ECF No. 14 at 7), it casually abandons this argument in its "Status Update" (ECF No. 19). Finally, the Government's reliance on Hagos's criminal history to justify continued detention under § 1231 (ECF No. 14 at 6) is unpersuasive, given that it released Hagos for more than five years following those same convictions. The record contains no evidence of any criminal convictions since 2016.

On this record, Hagos provides good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion. Hagos is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen*, 2026 WL 237282, at *9 (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

The Court is mindful that the Government has the right to enforce Hagos's removal order, but it may not detain him indefinitely.  Hagos's removal is not significantly likely to occur in the reasonably foreseeable future. His continued detention violates the Due Process Clause, as explained in *Zadvydas*.

III.   Conclusion

Because there is no significant likelihood of Hagos's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (Docs. 1, 4) be GRANTED and Hagos be released on the same conditions governing his previous release.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 2, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6